UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10835-GAO

MICHAEL "MICKEY" PERSICHINI,
Plaintiff,

v.

AUTOZONERS, LLC, dba AUTOZONE,
Defendant.

OPINION AND ORDER
July 7, 2025

O'TOOLE, D.J.

Plaintiff Michael Persichini is an employee of defendant AutoZoners, LLC ("AutoZone"), a Nevada-based automotive parts retailer. He asserts against AutoZone claims of hostile work environment and harassment, retaliation, age discrimination, and violations of the Family Medical Leave Act, 29 U.S.C. Chapter 28 ("FMLA"), and Paid Family and Medical Leave Act, Massachusetts General Laws Chapter 175M ("PFMLA"). The claims stem from what he perceives as a series of job demotions. AutoZone seeks summary judgment in its favor under all five counts brought in the Complaint. For the reasons discussed below, the motion for summary judgment (dkt. no. 35) is GRANTED in part and DENIED in part.

Persichini has worked in several New England AutoZone stores in various roles since 1998 and remains an AutoZone employee to this day. Before 2021, Persichini had satisfactory working relations with his supervisors at AutoZone, albeit with some performance-related issues. The situation devolved starting in 2021, when Persichini was over sixty years old.

In 2021, Persichini was a District Manager and in this role was responsible for a "Mega Hub." Mega Hubs are important centers for AutoZone's business model because they stock

products for and make deliveries to a large number of AutoZone retail stores within each region. Persichini's Mega Hub was not operating well, and it was his responsibility to improve its functioning.

During the time period relevant to the present controversy, Persichini reported directly to Regional Manager Mark McGuire. Persichini alleges that McGuire made disparaging comments about his age beginning in 2018, although Persichini was not offended by these comments until 2021. For example, McGuire twice compared Persichini to a dinosaur.

In March 2021, Persichini spoke with Preston Frazer, an AutoZone Executive Vice President, about McGuire's comments. Soon thereafter, McGuire told Persichini that he was aware that a conversation occurred between him and Frazer, although the parties dispute whether McGuire knew the conversation related to complaints of age discrimination and harassment.

In April 2021, McGuire placed Persichini on a Performance Improvement Plan ("PIP"). After being placed on the PIP, Persichini sent an email to McGuire asking to "step down" as District Manager and into the role of Mega Hub store manager starting on May 9, 2021. (Pl.'s Resp. to Statement of Undisputed Material Facts ¶¶ 69, 70 (dkt. no. 44).) The parties dispute whether Persichini voluntarily asked to step down or did so only after McGuire threatened Persichini with termination if he did not offer to switch roles. Persichini became the Mega Hub store manager in May 2021. The Mega Hub continued to be dysfunctional under his management.

In October and November 2021, Persichini spoke with Nancy Stephens, senior Vice President in AutoZone's human resources department, to discuss what he regarded as age discrimination and retaliation by McGuire.

Persichini took a doctor-recommended thirty-day medical leave of absence in November 2021. His time off was paid through a combination of his accrued vacation benefits and sick leave.

He returned to his position as the Mega Hub store manager on December 14, 2021. On the day he returned from leave, McGuire immediately transferred him from the Mega Hub to manage a smaller store in Mansfield. That day, McGuire told Persichini that, "[Y]ou're getting up in years. I can't have you falling dead on the floor on me." (Id. ¶¶ 102, 134.)

Persichini contemplated a claim of age discrimination under the PFMLA, but did not file such a claim right away. On September 22, 2022, the parties entered into a private statute of limitations tolling agreement to extend the Massachusetts Commission Against Discrimination's ("MCAD") 300-day statute of limitations from October 9, 2022, to December 7, 2022. Having failed to reach a negotiated peace, Persichini filed a charge against AutoZone with the MCAD on November 21, 2022. The MCAD dismissed the charge for lack of jurisdiction because it was untimely under the applicable statutory scheme.[1] Persichini filed suit on March 14, 2023, in Suffolk County Superior Court, but the action was later removed to this Court on April 28, 2023.

**I.     Discussion**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine when "a reasonable jury could resolve the point in favor of the nonmoving party." Morris v. Gov't Dev. Bank of P.R., 27 F.3d 746, 748 (1st Cir. 1994). "'Material' means that the fact is one that might affect the outcome of the suit." Id. To defeat a summary judgment motion, the nonmoving party must demonstrate, "through submissions of evidentiary quality, that a trialworthy issue persists." Iverson v. City of Bos., 452 F.3d 94, 98 (1st Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986)).

    A.     ADEA and Chapter 151B Claims

---

[1] The EEOC subsequently dismissed a similar charge on April 18, 2023.

3

First, the Court analyzes AutoZone's motion as to Counts I, II, and IV, which are Persichini's Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), and Massachusetts General Laws chapter 151B ("ch. 151B") claims. AutoZone argues that summary judgment is warranted as to those claims because Persichini filed his discrimination charge with the MCAD after the 300-day statute of limitations had run. Persichini counters that the parties executed a tolling agreement to extend the statute of limitations and so his claims are timely.

Persichini's claims under the ADEA and ch. 151B are time barred. An aggrieved employee is required to file an administrative claim with the MCAD within 300 days after the last alleged unlawful employment practice occurred for both federal and state claims. See Tuli v. Brigham & Women's Hosp., 656 F.3d 33, 40 (1st Cir. 2011); Mekonnen v. OTG Mgmt., LLC, 394 F. Supp. 3d 134, 149 (D. Mass. 2019); Alston v. Mass., 661 F. Supp. 2d 117, 123 (D. Mass. 2009). The MCAD's regulations include only four exceptions to this filing deadline. See 804 CMR 1.04(4). Failure to file a timely administrative charge *requires* that any subsequent lawsuit be dismissed. See Davis v. Lucent Techs., Inc., 251 F.3d 227, 236 (1st Cir. 2001) (emphasis added).

The Massachusetts Supreme Judicial Court has instructed that courts should give "substantial deference" to MCAD's interpretations of its regulations. See Gannon v. Boston, 73 N.E.3d 748, 755 (Mass. 2017) (citing Dahill v. Police Dep't of Bos., 748 N.E.2d 956, 961 (Mass. 2001)); Derin v. Stavros Ctr. for Indep. Living, Inc., 581 F. Supp. 3d 351, 355 (D. Mass. 2022); Ocean Spray Cranberries, Inc. v. Mass. Comm'n Against Disc., 808 N.E.2d 257, 262 (Mass. 2004) ("We will 'affirm a decision and order of the MCAD unless the findings and conclusions are unsupported by substantial evidence or based on an error of law.'") (citation omitted); Cuddyer v. Stop & Shop Supermarket Co., 750 N.E.2d 928, 938 (Mass. 2001) ("We have consistently granted deference to MCAD decisions and policies.").

4

This Court should likewise treat the MCAD's determination with deference. It is undisputed that Persichini initiated the discrimination proceedings with the MCAD on November 21, 2022, which means his claims must be based on acts that occurred after January 25, 2022, when the 300-day limitations period would have begun to run for the November filing to have been valid under state law. Specifically, the MCAD dismissed his charge as untimely because more than 300 days had passed since the last alleged unlawful act was said to have occurred on December 14, 2021. The MCAD considered the parties' tolling agreement but found that it did not conform to the regulations which permit consideration of an exception to the 300-day statute of limitations. This Court necessarily agrees.

None of the plausible four exceptions apply under state law. The most relevant exception here is 804 Code of Massachusetts Regulations 1.04(4)(c), which permits a stay of the 300-day deadline when parties mediate prior to filing a charge with the MCAD and execute a tolling agreement consistent with the regulatory rules. The tolling agreement here fails to meet requirements listed in 1.04(4)(c) including that: (1) no mediator signed off on their purported agreement; (2) there was no commitment by the attorneys and mediator to conduct the mediation within ninety days; (3) there was no agreement to promptly report the outcome of the mediation to the MCAD Clerk's Office; and (4) the parties did not, consistent with the regulatory scheme, submit the agreement to the Clerk's Office within 300 days after the alleged unlawful conduct.

An equitable tolling exception does not apply either. See 804 CMR 1.04(4)(d). Equitable tolling is only appropriate in exceptional circumstances. Davis, 251 F.3d at 23; Chico-Velez v. Roche Prods., 139 F.3d 56, 58–59 (1st Cir. 1998); Dunn v. Langevin, 211 N.E.3d 1059, 1064 (Mass. 2023). While rare, it may be applied when the plaintiff is "excusably ignorant" about the filing period "or where the defendant or the MCAD has affirmatively misled the plaintiff."

5

Andrews v. Arkwright Mut. Ins. Co., 673 N.E.2d 40, 41 (Mass. 1996); accord Dunn, 211 N.E.3d at 1064–65. Here, Persichini has consistently acted through counsel and there is no indication that he or his counsel was misled by AutoZone or MCAD. Persichini has not offered an explanation for why the tolling agreement failed to meet the explicit requirements of the regulation. Therefore, equitable tolling should not apply in this circumstance. In sum, summary judgment is granted for the defendant as to Counts I, II, and IV.

  B. Retaliation

The Court next denies summary judgment as to Persichini's retaliation claims asserted in Counts III and V. Persichini alleges AutoZone retaliated against him in violation of the FMLA and PFMLA when he was transferred from managing the Mega Hub to managing the smaller Mansfield store upon his return from his thirty-day medical leave. AutoZone claims this was not retaliation, but was a predetermined decision based on Persichini's poor work performance.

Persichini has alleged sufficient facts including that the decision to transfer him was not final before he went on leave, that he was demoted the day he returned, and that McGuire made disparaging, age-related comments the day he was demoted, such that a jury could find that AutoZone's stated reasons were pretext. Therefore, summary judgment is DENIED as to the retaliation claims in Counts III and V.

Both statutes provide that employers cannot retaliate against employees who utilize leave. See 29 U.S.C. § 2615(a); Mass. Gen. Laws ch. 175M, § 9; Rousseau v. Clark Univ., No. 22-CV-40118-DJC, 2023 WL 3435570, at *2, *4 (D. Mass. May 12, 2023) (quoting Carrero-Ojeda v. Autoridad de Energia Electrica, 755 F.3d 711, 718 (1st Cir. 2014)). Persichini has alleged a prima facie case of retaliation. To establish a prima facie case of retaliation when there is no direct evidence of AutoZone's retaliatory animus, Persichini must establish that he (i) engaged in

protected conduct, (ii) was subjected to an adverse action by the defendant, and that (iii) there was a causal connection between the protected conduct and the adverse action. Carrero-Ojeda, 755 F.3d at 719; Rousseau, 2023 WL 3435570, at *4.

The parties' fight centers on causation. To establish a causal connection, courts examine the temporal proximity between the dates of leave and the adverse action. See Logue v. RAND Corp., 668 F. Supp. 3d 53, 64 (D. Mass. 2023); Lopera v. Compass Group USA, Inc., 578 F. Supp. 3d 130, 137 (D. Mass. 2021) (quoting Oliver v. Digital Equip. Corp., 846 F.2d 103, 110 (1st Cir. 1988)) ("[C]lose temporal proximity between an exercise of FMLA rights and termination is 'strongly suggestive' of retaliation."); Workman v. Outfront Media, LLC, 474 F. Supp. 3d 373, 377 (D. Mass. 2020) (citing Mesnick v. Gen. Elec. Co., 950 F.2d 816, 828 (1st Cir. 1991)) ("Temporal proximity of an employee's protected activity to an employer's adverse action can be sufficient circumstantial evidence of causation to survive summary judgment."). In this case, Persichini was demoted the day he returned from leave, an action which is sufficiently proximate to support causation. See Logue, 668 F. Supp. 3d at 64 (finding causation met based on two month period between plaintiff's return from FMLA leave and termination); Lopera, 578 F. Supp. 3d at 137 (finding prima face case met when employee was removed on the day she returned from leave); Workman, 474 F. Supp. 3d at 377 (finding that three months between adverse action and protected activity was sufficiently proximate to show causal connection on summary judgment).

A plausible factual dispute exists as to the issues relevant to the claims set forth in Counts III and V, precluding summary judgment for the defendant as to those counts.

## II. Conclusion

In conclusion, the Court GRANTS summary judgment for the defendant as to Counts I, II, and IV, but DENIES summary judgment as to counts III and V.

It is SO ORDERED.

                                                   /s/ George A. O'Toole, Jr.
                                                   United States District Judge